# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60091
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CURTIS NAVELLE HARRISON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-11-2

———————————————————————

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Curtis Navelle Harrison challenges his jury-trial conviction and within-Guidelines 397-months' sentence for conspiracy to possess, with intent to distribute, methamphetamine and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. In doing so, Harrison presents numerous evidentiary and sentencing issues, discussed *infra*.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60091

In reviewing the denial of a motion to suppress, we review factual findings for clear error; conclusions of law, *de novo*. *United States v. Garcia*, 99 F.4th 253, 266–67 (5th Cir. 2024). The evidence is viewed in the light most favorable to the party who prevailed in district court. *Id.* In reviewing the district court's decision, we may "consider all of the evidence presented at trial, not just that presented before the ruling on the suppression motion". *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007). The decision is also subject to a harmless-error analysis. *See United States v. Willingham*, 310 F.3d 367, 372 (5th Cir. 2002). "In the context of suppression of evidence, the test for harmless error is whether the trier of fact would have found the defendant guilty beyond a reasonable doubt if the evidence had been suppressed." *Garcia*, 99 F.4th at 266–67 (citation omitted).

Prior to trial, Harrison unsuccessfully moved to suppress text messages obtained, using search warrants claimed to have expired, including from his mobile telephone. His coconspirator testified about Harrison's involvement in the conspiracy, however, including text messages from the coconspirator's mobile telephone, detailing his and Harrison's drug dealings. *See United States v. Beaudion*, 979 F.3d 1092, 1099 (5th Cir. 2020) (concluding defendant has no reasonable expectation of privacy in information found in another individual's telephone). Further, the Facebook messages were obtained via a separate search warrant, and law enforcement arrested Harrison at the coconspirator's residence while in possession of a $10 bill that a confidential informant had used to purchase methamphetamine. In the light of the above, the claimed error was harmless. *See Garcia*, 99 F.4th at 266–67.

Next, Harrison contends the court erred when it admitted text messages in which Harrison and an unindicted coconspirator discussed methamphetamine. "This court applies a highly deferential standard in reviewing a district court's evidentiary rulings, reversing only for abuse of

discretion. Even then, the error is not reversible unless the defendant was prejudiced." *United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003).

"[W]hen the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged", other-act evidence is deemed intrinsic. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (citation omitted). "Intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place, and to evaluate all of the circumstances under which the defendant acted." *Id.* (citations omitted). The text-message conversation was intrinsic evidence because it was used to illustrate the structure of the conspiracy and Harrison's role. *See Rice*, 607 F.3d at 141. Accordingly, the court did not abuse its discretion. *See Booker*, 334 F.3d at 411.

During trial, Harrison unsuccessfully objected to the introduction of text messages referring to drugs not charged in the superseding indictment. Again, we review for abuse of discretion. *See id.* "It is well established that where a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the Government's proof." *United States v. Watkins*, 591 F.3d 780, 785 (5th Cir. 2009). At trial, the Government used the text-message evidence to illustrate the overall scope of the conspiracy and how a user did not like the fentanyl contained in the heroin and Xanax. Accordingly, the court did not abuse its discretion because the conversation relayed intrinsic acts intertwined with the crimes charged. *See Rice*, 607 F.3d at 141; *Booker*, 334 F.3d at 411. Likewise, the court did not abuse its discretion in qualifying a DEA Agent as an expert witness because he possessed relevant experience as a law enforcement officer, including 11 years as a DEA task force officer. *See United States v. Akins*, 746 F.3d 590, 597 (5th Cir. 2014) (standard of review); *United States v. Haines*, 803 F.3d 713, 727–28 (5th Cir. 2015).

No. 24-60091

Turning to Harrison's three challenges to his sentence, his substantive-reasonableness challenge is reviewed for abuse of discretion, *e.g.*, *Gall v. United States*, 552 U.S. 38, 51 (2007), with substantial deference given to the district court's assessment of the 18 U.S.C. § 3553(a) sentencing factors, *e.g.*, *United States v. Fatani*, 125 F.4th 755, 761 (5th Cir. 2025). Moreover, a rebuttable presumption of reasonableness applies, as here, to a properly-calculated, within-Guidelines sentence. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The record shows the district court did not abuse its discretion, as it weighed Harrison's contentions and explained the chosen sentence in the context of the § 3553(a) factors. *See Gall*, 552 U.S. at 51; *Cooks*, 589 F.3d at 186.

Regarding Harrison's two enhancement-related objections, we review the court's factual findings for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The record supports the methamphetamine-importation enhancement due to: a government study designating Mexico the primary source of methamphetamine; text messages about individuals from Mexico; and the methamphetamine's high purity level. *E.g.*, *United States v. Serfass*, 684 F.3d 548, 551–52 (5th Cir. 2012) (evidence that defendant knew drug was imported not required for application of Sentencing Guideline § 2D1.1(b)(5)). Similarly, it was reasonably foreseeable that Harrison's coconspirator would possess a firearm due to the firearm's location at his coconspirator's residence and Harrison's access to the residence. *See United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006) (enhancement applicable if possession by coconspirator "reasonably foreseeable"); U.S.S.G. § 2D1.1(b)(1) (providing for two-level increase to defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed"). Accordingly, the court did not clearly

4

No. 24-60091

err. *See, e.g.*, *Serfass*, 684 F.3d at 550, 553–54; *Cisneros-Gutierrez*, 517 F.3d at 765–66.

AFFIRMED.